FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOSE HECTOR MANUEL GARCIA
NOYOLA, AKA Hector Garica Noyola,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-73393

Agency No. A201-032-817

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jose Hector Manuel Garcia Noyola ("Garcia Noyola"), a native and citizen

of Mexico, petitions *pro se* for review of a Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's decision denying his

application for asylum and withholding of removal under the Immigration and

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nationality Act ("INA"), and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Whether a group constitutes a "particular social group" is a question of law that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but we defer to the BIA's interpretation of governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

The BIA did not err in finding that Garcia Noyola has not established membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)).  Garcia Noyola has not established that Mexican nationals returning to Mexico after having lived in the United States for an extended period of time would be perceived by society as a particular social group.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (returnees from the United States to Mexico is not a particular social group).  Garcia Noyola also has not established that he would be persecuted on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or

2

random violence by gang members bears no nexus to a protected ground"). Thus, Garcia Noyola's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief. The record does not compel the conclusion that Garcia Noyola is "more likely than not" to be tortured by or with the consent or acquiescence of the government if he returns to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, Garcia Noyola's CAT claim also fails.

**PETITION FOR REVIEW DENIED.**